IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRAVIS TRUESDALE, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| DR. ROBERT MARSH, et al., | : | NO. 19-3920 |
| Respondents. | : | |

## MEMORANDUM SUR ORDER TO SHOW CAUSE

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                    September 12, 2019

Before the Court for Report and Recommendation is the *pro se* petition for the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Travis Truesdale, a state prisoner confined at SCI-Benner in Bellefonte, Pennsylvania. Truesdale was sentenced to a term of imprisonment of 3½ to 7 years, followed by 10 years of probation, for his conviction on charges of robbery and aggravated indecent assault in Case No. CP-51-CR-0014556-2011. Petitioner entered a negotiated guilty plea to these charges on July 20, 2012 in the Philadelphia Court of Common Pleas and now seeks habeas relief on grounds relating to the lawfulness of his plea, the alleged ineffective assistance of counsel relating to the entry of the plea, and counsel's failure to seek the recusal of the trial judge. As we set out below, Truesdale's petition was not filed within the time period set forth by the governing statute. We are filing this Memorandum in support of our order to Petitioner to show cause why this matter should not be dismissed as untimely.

# I.    FACTUAL AND PROCEDURAL BACKGROUND[1]

Following entry of what is characterized on the docket as a "negotiated" guilty plea on July 20, 2012, Truesdale was convicted of robbery (taking property from another with force) and aggravated indecent assault (without consent).  Sentencing was deferred pending a sex offender assessment.  On January 4, 2013, the court sentenced Truesdale to a term of incarceration of 3½ to 7 years for the robbery conviction and a period of 10 years of probation for the indecent assault conviction.  The court specified that the robbery sentence was to be consecutive to the third of three consecutive 10 to 20-year sentences imposed on the same day in another case, CP-51-CR-0014665-2011.  The term of probation was consecutive to the term of incarceration on the robbery conviction.  (CP Crim. Dkt. at 1-9.)  Several other charges that had been filed related to this criminal incident, which occurred on October 15, 2011, were *nolle prossed* at the time of sentencing.

Truesdale did not file any post-sentence motions nor a notice of appeal as to his convictions in this negotiated plea case.  The docket reflects, however, that he filed a PCRA petition on March 6, 2015 that identified this conviction, as well as his other case on which he was also sentenced on January 4, 2013, No. CP-51-CR-0014665-2011.  From this point forward, Truesdale apparently challenged both convictions in lock-step and the state courts permitted the filings with reference to both CP numbers.  As reflected on both cases' dockets, counsel was appointed and filed an amended petition on July 20, 2016.  The PCRA Court dismissed the petition on May 25, 2017 and counsel pursued an appeal to the Superior Court, which affirmed on June 12, 2018.  The docket and opinion in that appeal reflected that the appeal was from the

---

[1]   In the state court dockets and opinions, Petitioner's surname is spelled "Trusedale."  In his habeas petition, he has used the spelling "Truesdale."  Apart from our citations to the state court decisions or dockets, we use the spelling found in the habeas petition before us.

PCRA Order of May 25, 2017 at both CP-51-CR-0014556-2011 and CP-51-CR-0014665-2011. *Commonwealth v. Trusedale*, No. 1893 EDA 2017, 2018 WL 2929107 (Pa. Super. Ct. June 12, 2018). Petitioner sought further review, but the Pennsylvania Supreme Court denied allowance of appeal on December 19, 2018. *Commonwealth v. Trusedale*, No. 310 EAL 2018.

On May 19, 2019, Truesdale submitted his *pro se* § 2254 habeas petition to this Court. The petition, which was docketed on May 24, 2019 at Civil Action No. 19-2296, identified the challenged conviction as both of the CP cases described above. On June 10, 2019, the Honorable Berle M. Schiller referred the petition to me for preparation of a Report and Recommendation. Upon our recommendation, the Court severed the two cases, such that the challenge to the convictions of rape, *etc.*, at CP-51-CR-0014665-2011 remained at Civil Action No. 19-2296, and the challenge to the unrelated conviction of robbery, *etc.*, at CP-51-CR-0014556-2011, was opened as a new case given No. 19-3920. Both matters are now before me for Report and Recommendation.

We have not yet required that an answer to either petition be filed by the Philadelphia District Attorney. *See* Rule 4, Rules Governing § 2254 Habeas Petitions (contemplating initial review by the court before ordering that an answer to the petition be filed). Before filing our Report and making our Recommendation, however, we find it proper to give Petitioner an opportunity to be heard on one of the specific procedural defects apparent in this present petition.

## II. DISCUSSION

Upon our review of the petition, we observed that when asked on the form petition to "explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d)[2] does not bar [his] petition," Truesdale responded: "N/A." (Pet. at 17.) Unlike Petitioner, we find this

---

[2] That statutory provision is reprinted in full in the form petition. *See* Pet. at 18.

provision to appear quite applicable to his petition. As we set out below, we will highlight this significant potential procedural hurdle in order that Truesdale will have an opportunity to come forward with any facts that might support a finding that he satisfies the statute of limitations or that he qualifies for any exception to dismissal on timeliness grounds.

## A.    Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), legislation that pre-dates Petitioner's convictions, imposed a one-year period of limitations for the filing of an application for a writ of habeas corpus. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Truesdale's pleading does not purport to identify which subsection of (d)(1) applies to this petition. Nothing that he has asserted with respect to the legal basis for his claims suggest that (d)(1)(C) would apply, nor has he referred to factual predicates of his claims that were discoverable only at some later date as to trigger (d)(1)(D). Finally, he has not described any State action that impeded his filing this habeas petition at an earlier time as to implicate (d)(1)(B). Therefore, it appears that the limitation period would run from the date dictated by (d)(1)(A).

Based upon the information provided in his petition, and as confirmed by online review of the publicly-available state court docket sheets and opinions, Truesdale's judgment of conviction became final upon the expiration of the time to file a notice of appeal from sentencing on the robbery and indecent assault counts. That is, his conviction became final 30 days after January 4, 2013, or on February 3, 2013. The AEDPA limitations period began to run from that date. The limitations period expired on February 3, 2014. His PCRA petition docketed on March 6, 2015 would have had no tolling effect on the AEDPA limitations period as to the robbery and indecent assault conviction. The § 2254 petition came more than five years too late to satisfy the requirements of 28 U.S.C. § 2244(d).

Given these calculations, Truesdale's petition challenging the No. 14556-2011 conviction for robbery and indecent assault would be subject to dismissal for noncompliance with § 2244(d) absent a valid claim that concerns of equity require that the limitations period be tolled. The United States Supreme Court recognizes that the AEDPA statute of limitations is subject to equitable tolling but that such tolling is appropriate only where extraordinary circumstances prevented the petitioner from filing his § 2254 petition on time and where the petitioner diligently pursued his rights. *Holland v. Florida*, 560 U.S. 631, 645-49 (2010).

Alternatively, the untimeliness of a habeas petition may be excused if the petitioner has made a showing of actual innocence. As set forth by the Supreme Court in *McQuiggin v. Perkins*, 569 U.S. 383 (2013), a showing of actual innocence can serve as a gateway to permit habeas review of otherwise procedurally-barred claims where a petitioner can persuade the federal court that, in light of new evidence, "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). To make this showing, a petitioner must present "(1) new evidence (2) that is reliable and (3) so probative of innocence that no reasonable juror would have convicted the petitioner." *Sistrunk v. Rozum*, 674 F.3d 181, 191 (3d Cir. 2012) (quoting *Schlup*, 513 U.S. at 324, 327).

The petition filed by Truesdale does not refer to the standards of either equitable tolling or of actual innocence. Therefore, in order to ensure that this issue is developed and that Petitioner has an opportunity to be heard on the question of the timeliness of his petition before we file our Report, we are giving him an opportunity to show cause why his petition should not be dismissed as time-barred. An appropriate order follows.